IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marian James, Individually and as next friend of the minor J.J., ) | Case No.: 21 CV 4040 |
| ) | |
| Plaintiffs, ) | AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS |
| ) | |
| v. ) | |
| ) | |
| The City of Chicago, and Chicago Police Officers Dean Ewing, Star No. 8653, and Eric Wright, Star No. 7655, ) | **JUDGE WOOD** |
| ) | |
| ) | **JURY DEMANDED** |
| Defendants. | |

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff Marian James was and is a citizen of the United States, and was within the jurisdiction of this court.

4. Marian James is the mother and a custodial parent of the minor J.J.

5. At all times herein mentioned, Plaintiff J.J. was a minor born in 2004, was and is a citizen of the United States, and was within the jurisdiction of this court. Marian James is acting as his next friend.

6. At all times herein mentioned, Defendant Dean Ewing, Star No. 8653 ("Ewing"), was employed by the Chicago Police Department as a police officer, and was acting under color

of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

7. At all times herein mentioned, Defendant Eric Wright, Star No. 7655 ("Wright"), was employed by the Chicago Police Department as a police officer, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

8. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department. At all relevant times the City of Chicago was the employer of Ewing.

## FACTUAL ALLEGATIONS

9. On or about February 17, 2021, the minor J.J. was lawfully located in a public place, in front of his residence located at 12014 S. Wallace St., City of Chicago, County of Cook, State of Illinois.

10. At that place and time and place Ewing, Wright, and other unknown officers seized J.J., handcuffed J.J., and placed him in the rear passenger seat of a Chicago Police Department vehicle.

11. There was no legal cause for Ewing, Wright, and other unknown officers to seize J.J.

12. After seizing J.J., Ewing, Wright, and unknown officers searched J.J. and took possession of the keys to his residence without legal cause or his consent.

13. Ewing, Wright, and unknown officers then used the keys they seized from J.J. to enter and search the residence of J.J. and Marian James.

2

14. Ewing, Wright, and unknown officers did not possess a search warrant authorizing the entry or search of the residence of J.J. and Marian James.

15. Ewing, Wright, and unknown officers did not have consent to enter or search the residence of J.J. and Marian James.

16. Ewing, Wright, and the unknown officers were not aware of any information creating exigent circumstances to enter and search the residence of J.J. and Marian James without consent or a search warrant.

17. After entering and searching the residence of J.J. and Marian James Ewing, Wright, and unknown officers did not locate or seize any illegal item or evidence of a crime.

18. While J.J. was being held in police custody Ewing, Wright, and unknown officers conducted a search of the contents of J.J's cellular telephone. Ewing, Wright, and the unknown officers did not have consent or a warrant to search J.J.'s cellular telephone.

19. J.J. was eventually released from police custody without any charges.

20. By reason of the above-described acts and omissions of Ewing, Wright and unknown officers, Marian James and J.J. sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to their damage in an amount to be ascertained.

21. The aforementioned acts of Ewing, Wright, and unknown officers were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

22. By reason of the above-described acts and omissions of Ewing, Wright, and unknown officers, Plaintiffs were required to retain an attorney to institute, prosecute and render

3

legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs request payment by Defendants, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### J.J. Against Ewing and Wright For
### UNLAWFUL SEARCH AND SEIZURE

23. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

24. By reason of Ewing's and Wright's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

25. Ewing's and Wright's seizure of J.J.'s person was in violation of Plaintiff's Constitutional Rights and not authorized by law. Ewing's and Wright's search of J.J.'s person was in violation of Plaintiff's Constitutional Rights and not authorized by law. Ewing's and Wright's seizure of the keys to J.J.'s residence was in violation of Plaintiff's Constitutional Rights and not authorized by law. Ewing's and Wright's search of J.J.'s cellular telephone was in violation of Plaintiff's Constitutional Rights and not authorized by law. These acts were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983

## COUNT II
### Marian James and J.J. Against Ewing and Wright For
### UNLAWFUL SEARCH AND SEIZURE

26. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

27. By reason of Ewing's and Wright's conduct, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

28. Ewing's and Wright's entry and search of the residence of Marian James and J.J. was in violation of Plaintiffs' Constitutional Rights and not authorized by law. These acts were in violation of Plaintiffs' Fourth and/or Fourteenth Amendment rights. Therefore, Defendants are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiffs Marian James and J.J. against Defendant Ewing, Wright, and the City of Chicago for
### Trespass

29. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-two (22) hereat as though fully alleged at this place.

30. Defendants Ewing, Wright, and unknown officers, committed the tort of trespass when they entered Plaintiffs' residence without permission or authority and wrongfully interfered with their actual possessory rights in that property,

31. The City of Chicago is liable to Plaintiffs for the acts of Ewing, Wright, and unknown officers, pursuant to the doctrine of *respondeat superior*.

32. As a result of these acts and/or omissions Plaintiffs were damaged, and Ewing, Wright, unknown officers and the City of Chicago are all liable under the supplemental state law claim of Trespass.

5

## COUNT IV
## INDEMNIFICATION PURSUANT TO 745 ILCS 10/9-102
## AGAINST DEFENDANT CITY OF CHICAGO

33. Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through thirty two (32) hereat as though fully set forth at this place.

34. The acts of Ewing, Wright, and unknown officers were committed in the scope of their employment with the Defendant City of Chicago.

35. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant City of Chicago is liable for any judgments for compensatory damages in this case arising from the actions of Ewing, Wright, and unknown officers.

WHEREFORE, the Plaintiffs, by and through their attorneys, ED FOX & ASSOCIATES, request judgment against the Defendants as follows:

1. That the Defendants be required to pay Plaintiffs' general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiffs' special damages;

3. That the Defendants be required to pay Plaintiffs' attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiffs' costs of the suit herein incurred; and

6. That Plaintiffs have such other and further relief as this Court may deem just and proper.

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiffs
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

BY: s/Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiffs
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com